UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DR. PETER LAWRENCE,

      Plaintiff,

vs.

NYACK HOSPITAL, EMERGENCY
MEDICAL ASSOCIATES, INC.
DAVID FREED,

      Defendants.
-----------------------------------------------------------x

**COMPLAINT**

**07 CIV. 0311**

I. **PARTIES**

1. Plaintiff, Dr. Peter Lawrence, is an African-American medical doctor who, at all times relevant, worked in the emergency room at Nyack Hospital, within this judicial district.

2. Defendant Nyack Hospital is a state-chartered hospital which operates within this judicial district. It may and be sued.

3. Defendant Emergency Medical Associates, Inc., does business in this judicial district and may sued and be sued.

4. David Freed is the CEO and President of the Nyack Hospital and conducts business in this judicial district. He acted as the principal aider and abetter of Nyack Hospital's discriminatory conduct toward plaintiff and his acts

Page 1

and omissions are fairly attributed to defendant Nyack Hospital and constitute the same basis as those which make out plaintiff's federal civil rights claims against his principal.

## II. JURISDICTION

5. This Court has jurisdiction over this matter pursuant to 42 U.S.C. secs. 1981, 2000e-5, et seq. and 1988 and 28 U.S.C. secs. 1331, 1343 (3) & (4) and 1367.

6. Plaintiff timely filed a complaint of racial discrimination with the EEOC and received a right to sue letter on or about February 27, 2006. He filed a Complaint against Emtel and the then Director of the Emergency Room on or about May 12, 2006. In that Complaint, plaintiff alleged, inter alia, that he was then the only African-American employed by EMTEL, which then contracted with defendant Nyack Hospital to operate its emergency room.

## III. FACTUAL ALLEGATIONS

7. Through the time he filed his first federal complaint, plaintiff well performed his duties as an emergency room physician.

8. Thereafter, plaintiff continued to well perform these duties

9. In or about the fall 2006, defendants Nyack Hospital and Freed contracted with defendant EMA, Inc., relieving EMTEL of its responsibility to

operate the emergency room at Nyack Hospital effective November 1, 2006..

10. Before this change, plaintiff was advised that Freed was angry with him for initiating the May 2006 lawsuit and regarded him as a troublemaker.

11. Shortly after defendant EMA gained a contract to operate the emergency room, but before it began to do so, one of its Vice Presidents interviewed plaintiff as part of a process of interviewing all current emergency room physicians who wished to remain employed at Nyack Hospital.

12. At this interview, plaintiff answered all the questions asked of him, none of which pertained to the practice of emergency medicine.

13. Several weeks later, the same individual, acting on behalf of EMA, Inc., called plaintiff and advised him that EMA, Inc. would not be offering him a position at Nyack Hospital.

14. No explanation for this was provided.

15. This call was made the same day as a medical staff meeting at which EMA, Inc. confirmed that it was not offering plaintiff and two Caucasian doctors associated closely with him positions.

16. At this meeting, EMA, Inc. representatives faced significant opposition for its stated plan not to employ plaintiff, who was generally regarded as a superb emergency room physician.

17. Instead of re-considering its position, EMA, Inc. offered positions in the Nyack Emergency room to several physicians, who were less experienced and qualified than plaintiff. None of these individuals had filed a discrimination complaint against Nyack Hospital or a medical group associated with Nyack Hospital and defendants did not perceive any as associated closely with plaintiff.

18. In so proceeding, defendant EMA, Inc. acted in concert with defendants Nyack Hospital and Freed, who wished to punish and retaliate against plaintiff for his filing of the prior EEOC complaint and federal lawsuit.

19. In the same time period during which he was advised that EMA, Inc. would not offer him a position, a prominent Nyack Hospital physician brought plaintiff this message from Freed: if he dropped his lawsuit against Emtel, Freed would be of assistance in insuring that he was retained at Nyack Hospital.

20. At the same time and quite to the contrary, Freed publicly disclaimed any responsibility for the hiring decisions of EMA, Inc.

21. No non-retaliatory reason motivated defendant EMA's refusal to offer plaintiff a full-time position as an emergency room physician.

22. After refusing to offer plaintiff a full-time position, after not scheduling him for a single shift during the month of November and after hearing substantial and negative feedback from medical staff concerning these decisions, EMA, Inc.

tendered plaintiff a written contract for a term of three month without the possibility of renewal.

23. This contract was totally imbalanced and one-sided.

24. When plaintiff refused to sign this contract as tendered and made many changes thereto, EMA, Inc. made no good faith effort to employ plaintiff on terms and conditions similar to those it applied in dealing with physicians who had not previously initiated suit against Nyack Hospital.

25. By dint of the actions set forth above, defendants retaliated against plaintiff on the basis of his prior protected activity.

26. Defendants' acts and omissions were intentional and not adventitious or random.

27. Defendants' conduct has caused plaintiff pecuniary and non-pecuniary damages.

28. Defendants' conduct was spiteful and punitive in nature, of the sort that must be deterred to protect the goals and purposes of Title VII of the Civil Rights Act of 1964.

## CAUSES OF ACTION

29. Plaintiff incorporates paras. 1-28 as if fully re-written herein.

30. By subjecting plaintiff to retaliation for the filing of a complaint of

discrimination pursuant to Title VII, defendants, and each of them, have violated the non-retaliation provisions of that statute.

31. By failing and refusing to employ plaintiff on terms and conditions similar to those offered others of equal or lesser qualification, defendant EMA, Inc. has retaliated against plaintiff on the basis of his prior filing of a complaint of racial discrimination.

### **PRAYER FOR RELIEF**

WHEREFORE, plaintiff hereby prays that this Honorable Court:

a) accept jurisdiction over this matter;

b) empanel a jury to hear and decide all issues within its authority;

c) award to plaintiff compensatory damages against defendants;

d) award to plaintiff punitive damages against defendants;

e) increase said awards by pre- and post-judgment interest as provided/required by law;

f) order defendant EMA, Inc. to offer plaintiff employment at the Nyack Hospital Emergency Room or order it to pay plaintiff front pay;

g) award plaintiff the costs and fees associated with the prosecution of this suit and

h) enter any other order which the interests of law and equity may require.

Respectfully submitted,

_____
MICHAEL H. SUSSMAN [3497]

LAW OFFICES of MICHAEL H. SUSSMAN
PO BOX 1005
GOSHEN, NY 10924

    COUNSEL FOR PLAINTIFF

DATED: JANUARY 11, 2007